IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ALLYSON C. LANE, as Administrator**
**of the Estate of Richard H. Lane**                                                **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO.** 1:21cv85-SA-DAS

**DOMTAR PAPER COMPANY, LLC,**
**COLE CREEK FORESTRY, LLC and**
**THE PRICE COMPANIES, INC.**                                       **DEFENDANTS**

## NOTICE OF REMOVAL

Defendant, The Price Companies, Inc., by and through its undersigned counsel, appears for the purpose of presenting this Notice of Removal of the cause described below from the Circuit Court of Lowndes County, Mississippi, to the United States District Court for the Northern District of Mississippi, Aberdeen Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and states as follows:

### I. INTRODUCTION AND BACKGROUND

1. The above-styled action was originally commenced by Plaintiff, Allyson C. Lane, as Administrator of the Estate of Richard H. Lane (hereinafter referred to as "Plaintiff"), on March 26, 2021, by the filing of a Complaint in the Circuit Court of Lowndes County, Mississippi, against Defendants, Domtar Paper Company, LLC ("Domtar"); Cole Creek Forestry, LLC ("Cole Creek"); and The Price Companies, LLC ("Price"), alleging the following:

    7. On March 28, 2018, Richard H. Lane was traveling north on Highway 45 in Lowndes County when he rear-ended a Chain Logging truck that was hauling pine logs to the Domtar chip yard located in Amory, Mississippi.[1]

    8. The accident occurred prior to 6:00 a.m. at which time it was pitch black dark.

    9. The 911 records indicate that 911 as called at 6:02 a.m.

---

[1] It is Price's understanding that Plaintiff reached a settlement with Chain Logging prior to filing the instant lawsuit.

10. As a result of the collision, Richard H. Lane was killed.

11. The morning of the accident the Chain Logging truck was in route to Domtar chip yard in Amory, Mississippi, which is managed by The Price Companies.

12. Cole Creek maintained a fiber purchase agreement with Domtar and was the owner of the timber being hauled by Chain Logging.

13. Cole Creek likewise paid Chain Logging for the hauling based on a per load hauled basis.

14. Video footage of the Chain Logging truck entering the Domtar chip yard indicates that the truck arrived at the scales at approximately 6:34 a.m. on the morning of the accident.

15. The Domtar chip yard facility opens its gates and begins weighing trucks at 6:00 a.m.

***

17. Mississippi Code Annotated §63-5-19 provides that any vehicle transporting projecting loads that extend 4 feet or more beyond the rear or body of the vehicle shall operate only during daylight hours.

18. The Chain Logging truck was clearly violating the Mississippi statute.

***

20. Defendants, Domtar and Price, knew or should have known of the relevant Mississippi law and adjusted their operation hours accordingly.

21. The operation hours established by Domtar and Price encouraged logging trucks to travel the roadways of Mississippi prior to daylight hours.

***

23. These defendants' [Domtar and Price] operation schedule constitutes negligence which was a proximate and/or contributing cause to the wrongful death of Richard H. Lane due to the hazardous conditions it created.

24. Defendant, Cole Creek, likewise failed to restrict the delivery times in which Chain Logging operated when they knew or should have known that logging trucks could only transport during daylight hours. Furthermore, their contract with Chain Logging pays them per load, which likewise encourages hauling before daylight hours in an effort to be at the gate when the facility opens.

2

> 25. Cole Creek's failure to establish such restrictions constitutes negligence which was a proximate and/or contributing cause to the wrongful death of Richard H. Lane.

***

(*See* Complaint, Exhibit "A", at ¶¶ 7-25.)

## II. JURISDICTION AND VENUE

2. This civil action was originally commenced by the Plaintiff on March 26, 2021, in the County Court of Lowndes County, Mississippi. (*See* Complaint, Exhibit "A".)

3. This Court has jurisdiction over this matter, and this matter is properly removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

4. The United States District Court for the Northern District of Mississippi, Aberdeen Division is the proper venue for this matter since the matter is removed from the Circuit Court of Lowndes County, Mississippi.

5. Thirty (30) days or less, as calculated under applicable law, have elapsed since the removing Defendant was served with process in this matter, and this removal has been accomplished within one (1) year after commencement of the action so as to be timely within the provisions of 28 U.S.C. §1446(b).

## II. DIVERSITY OF CITIZENSHIP JURISDICTION

6. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 since the proper parties to this matter are of entirely diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A. THE PARTIES

7. According to the Complaint, Plaintiff, Allyson C. Lane as Administrator of the Estate of Richard H. Lane, was and is a citizen of Lowndes County, Mississippi. (*See* Complaint, Exhibit "A", at ¶ 1.)

8. Defendant, Domtar Paper Company, LLC ("Domtar"), was and is a limited liability company incorporated in the State of Delaware and has its principal place of business in the State of South Carolina. Domtar's sole member is Domtar Corporation, a corporation incorporated in the state of Delaware with its principal place of business in the State of South Carolina.

9. The Price Companies was and is a corporation organized and existing under the laws of the State of Arkansas and has its principal place of business in the State of Arkansas. (*See* Complaint, Exhibit "A", at ¶ 4.)

10. Defendant, Cole Creek Forestry, LLC ("Cole Creek"), was and is a limited liability company incorporated in the State of Mississippi and has its principal place of business in the State of Mississippi. However, as shown herein, Plaintiff has no possible basis for recovery against Cole Creek, and, as such, Cole Creek was improperly joined in this action in order to defeat diversity of citizenship jurisdiction in this matter. Accordingly, Cole Creek must be disregarded for purposes of determining diversity of citizenship jurisdiction under 28 U.S.C. § 1441.

  **B.**   **IMPROPER JOINDER OF COLE CREEK**

11. Cole Creek was improperly named as a party defendant to this action for the limited purpose of defeating federal diversity jurisdiction and preventing removal. "[T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Thus, a defendant may be disregarded as a party if the Court determines that his joinder is an improper device to defeat diversity jurisdiction and prevent removal. The joinder of Cole Creek is improper as Plaintiff's Complaint fails to allege a cognizable cause of action or state a claim against Cole Creek.

12. As noted above, the sole allegations against Cole Creek asserted in Plaintiff's Complaint are as follows:

> 12. Cole Creek maintained a fiber purchase agreement with Domtar and was the owner of the timber being hauled by Chain Logging.
>
> 13. Cole Creek likewise paid Chain Logging for the hauling based on a per load hauled basis.
>
> ***
>
> 24. Defendant, Cole Creek, likewise failed to restrict the delivery times in which Chain Logging operated when they knew or should have known that logging trucks could only transport during daylight hours. Furthermore, their contract with Chain Logging pays them per load, which likewise encourages hauling before daylight hours in an effort to be at the gate when the facility opens.
>
> 25. Cole Creek's failure to establish such restrictions constitutes negligence which was a proximate and/or contributing cause to the wrongful death of Richard H. Lane.
>
> ***

(*See* Complaint, Exhibit "A", at ¶¶ 13-14, 24-25.) As such, Plaintiff's Complaint merely alleges that Cole Creek was the owner of the timber that Chain Logging chose to haul allegedly before the daylight hours of March 28, 2018. The Complaint does not allege that Cole Creek had any control or say over what hours Chain Logging chose to operate. The responsibility for safe transportation of the logs rested exclusively on Chain Logging as the transporter of the load and not on the load's alleged owner, Cole Creek. Pursuant to numerous federal regulations, the driver/carrier of a commercial motor vehicle is solely responsible for the securement and safe transportation of its load.[2] These duties are placed **solely upon the driver/carrier of the cargo** and no such duties are placed upon the owner or shipper of the cargo. *See Smith v. Northern Dewatering, Inc.*, No. Civ.

---

[2] See, e.g., 49 C.F.R. §§ 392.9 ("Inspection of cargo, cargo securement devices and systems."); 393.100 ("Which types of commercial motor vehicles are subject to the cargo securement standards of this subpart, and what general requirements apply?); 393.106 ("What are the general requirements for securing articles of cargo?); 393.116 ("What are the rules for securing logs?). These federal regulations are applicable to this case pursuant to Mississippi Code Annotated § 77-7-25.

5

01–1948 JNERLE, 2004 WL 326696, at *2 (D. Minn. Feb. 19, 2004) ("Shippers . . . are not subject to the FMCSR [Federal Motor Carrier Safety Regulations]. . . . Thus, under federal law, responsibility for improper loading generally rests with the carrier, even if the shipper loads the cargo."). Moreover, as a matter of common sense, Cole Creek's decision to pay Chain Logging per load cannot serve as any logical basis for a viable cause of action against Cole Creek under Mississippi law.

13. On the claims pleaded in this action, there is no reasonable basis to predict that Plaintiff might be able to obtain relief adverse to Cole Creek in a Mississippi court. For these reasons, Plaintiff has failed to state a claim against Cole Creek, and Plaintiff has no possibility of recovering against Cole Creek on the claims asserted. As such, Cole Creek must be disregarded as a party to this action for purposes of this removal.

### C. AMOUNT IN CONTROVERSY

14. The amount in controversy exceeds $75,000, exclusive of interest and costs.

15. Plaintiff's Complaint asserts a claim for wrongful death and specifically states that the amount in controversy is more than $200,000.00. (*See* Complaint, Exhibit "A", at ¶ 5.)

### III. CONSENT OF OTHER DEFENDANTS

16. Counsel for Domtar, Wade G. Manor, Esq., has advised that Domtar consents to this Removal.

17. The consent of Cole Creek to this removal is not required because it was improperly joined.

### IV. CONCLUSION

18. Copies of all process, pleadings, and other papers served upon Price Companies in the Circuit Court of Lowndes County, Mississippi, are attached hereto as Exhibit "B".

19. Pursuant to 28 U.S.C.§ 1446 a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Lowndes County, Mississippi, and written notice of the filing of this Notice or Removal is being given directly to all parties or through their counsel of record.

20. Pursuant to this removal and the clear provisions of 28 U.S.C. § 1446, there should be no further proceedings in the Circuit Court of Lowndes County, Mississippi.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Defendant, The Price Companies, Inc., respectfully requests this Court to properly assume full jurisdiction over this action.

THIS, the 18th day of May, 2021.

                                                  Respectfully submitted,

                                                  **THE PRICE COMPANIES, INC.**

BY:   /s/Joseph W. Gill
        EDWARD J. CURRIE, JR. (MSB #5546)
        JOSEPH W. GILL (MSB #102606)
        CURRIE JOHNSON & MYERS, P.A.
        1044 River Oaks Drive
        Flowood, MS  39232
        P. O. Box 750
        Jackson, MS  39205-0750
        Telephone: (601) 969-1010
        Telecopier: (601) 969-5120
        ecurrie@curriejohnson.com
        jgill@curriejohnson.com

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that I have on this day served via United States Mail, postage fully prepaid, a true and correct copy of the foregoing to the following counsel:

William T. Cooper, Esq.
Crowell Gillis & Cooper, PLLC
P. O. Box 1827
Columbus, MS   39703

Wade G. Manor, Esq.
McAngus, Goudelock and Courie, LLC
1020 Highland Colony Parkway, Suite 706
Ridgeland, MS  39157

Teresa Barksdale, Clerk
Lowndes County Circuit Court
P. O. Box 31
Columbus, MS   39703

THIS, the 18th day of May, 2021.

                                          */s/Joseph W. Gill*
                                          JOSEPH W. GILL