IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

ALLYSON C. LANE, as Administrator of the
Estate of Richard H. Lane

USDC No. 1:21cv85-SA-DAS

PLAINTIFF

VERSUS

NO. 2021-0022-CV1K

DOMTAR PAPER COMPANY, LLC, COLE CREEK
FORESTRY, LLC and THE PRICE COMPANIES, INC.

DEFENDANTS

## COMPLAINT
*Jury Trial Demanded*

COMES NOW Allyson C. Lane, as Administrator of the Estate of Richard H. Lane ("Plaintiff"), by and through her attorney of record, and files this complaint against defendants, Domtar Paper Company, LLC, Cole Creek Forestry, LLC, and The Price Companies, LLC ("Defendants"), and in support thereof, would respectfully show unto the Court the following facts:

### PARTIES

1. Plaintiff, Allyson C. Lane, is an adult resident citizen of Lowndes County, Mississippi, and was appointed as Administrator of the Estate of Richard H. Lane on July 18, 2018.

2. Defendant, Domtar Paper Company, LLC ("Domtar"), is a foreign limited liability company authorized to do business in the state of Mississippi and may be served with process through its registered agent, National Registered Agents, LLC, 645 Lakeland East Dr., Suite 101, Flowood, MS 39232

3. Defendant, Cole Creek Forestry, LLC ("Cole Creek"), is a Mississippi limited liability company and may be served with process through its registered agent, Thomas S. Coleman, 40249 Caledonia Road, Hamilton, MS 39746.



FILED
MAR 26 2021
Circuit Clerk

4. Defendant, The Price Companies, Inc, ("Price"), is an Arkansas corporation and may be served with process through its registered agent, Dick Carmical, 218 Midway Route, Monticello, AR 71655.

### JURISDICTION AND VENUE

5. This Court has jurisdiction and venue over this matter since all relevant events took place in Columbus, Lowndes County, Mississippi, and the amount in controversy is more than $200,000.00.

6. This cause of action arises from a motor vehicle accident that occurred on March 28, 2018 on Highway 45 in Lowndes County, Mississippi.

### FACTS

7. On March 28, 2018, Richard H. Lane was traveling north on Highway 45 in Lowndes County when he rear-ended a Chain Logging truck that was hauling pine logs to the Domtar chip yard located in Amory, Mississippi.

8. The accident occurred prior to 6:00 a.m. at which time it was pitch black dark.

9. The 911 records indicate that 911 was called at 6:02 a.m.

10. As a result of the collision, Richard H. Lane was killed.

11. The morning of the accident the Chain Logging truck was in route to Domtar chip yard in Amory, Mississippi, which is managed by The Price Companies.

12. Cole Creek maintained a fiber purchase agreement with Domtar and was the owner of the timber being hauled by Chain Logging.

13. Cole Creek likewise paid Chain Logging for the hauling based on a per load hauled basis.

14. Video footage of the Chain Logging truck entering the Domtar chip yard indicates that the truck arrived at the scales at approximately 6:34 a.m. on the morning of the accident.

15. The Domtar chip yard facility opens its gate and begins weighing trucks at 6:00 a.m.

## CAUSES OF ACTION

16. Plaintiff re-alleges the allegations contained in paragraphs 1 through 15.

17. Mississippi Code Annotated §63-5-19 provides that any vehicle transporting projecting loads that extend 4 feet or more beyond the rear or body of the vehicle shall operate only during daylight hours.

18. The Chain Logging truck was clearly violating the Mississippi statute.

19. The relevant Mississippi law was implemented by the state legislature in an effort to avoid exactly what happened in the accident that took the life of Richard H. Lane.

20. Defendants, Domtar and Price, knew or should have known of the relevant Mississippi law and adjusted their operation hours accordingly.

21. The operation hours established by Domtar and Price encourage logging trucks to travel the roadways of Mississippi prior to daylight hours.

22. It was foreseeable to these defendants that opening prior to daylight hours would encourage logging companies to travel the roadways of Mississippi prior to daylight hours, thereby creating a hazardous condition.

23. These defendants' operation schedule constitutes negligence which was a proximate and/or contributing cause to the wrongful death of Richard H. Lane due to the hazardous conditions it created.

24. Defendant, Cole Creek, likewise failed to restrict the delivery times in which Chain Logging operated when they knew or should have known that logging trucks could only transport during daylight hours. Furthermore, their contract with Chain Logging pays them per load, which likewise encourages hauling before daylight hours in an effort to be at the gate when the facility opens.

25. Cole Creek's failure to establish such restrictions constitutes negligence which was a proximate and/or contributing cause to the wrongful death of Richard H. Lane.

### DAMAGES

26. Plaintiff re-alleges the allegations contained in paragraphs 1 through 25.

27. As a proximate result of the negligence of defendants as outlined above, Lane suffered damages, including, but not limited to, pain and suffering, mental anguish, loss of enjoyment of life, and other damages to be proven at trial.

28. The following reasonable expenses were incurred as a result of the acts of omission and commission of the defendants, and the plaintiff is entitled to recover thereof:

    a. Funeral expenses;
    b. Cost of interment and marker; and
    c. Cost of administration of the estate of the decedent.

29. The wrongful death beneficiaries of Lane are entitled to recover all damages which they sustained as a result of the death of their husband and father, to include the loss of services, society, companionship and love, all from the date of his death for the balance of their respective life expectancies.

30. As a proximate result of said negligence of defendants, Lane suffered damages and subsequent death. His family is entitled to damages as set forth above.

## AD DAMNUM CLAUSE

WHEREFORE, PRESMISES CONSIDERED, the plaintiff now brings this action against defendants and demands compensatory damages against each defendant, jointly and severally, in an amount constituting reasonable compensation for all damages sustained by reason of the decedent's injuries and death and pre and post judgment interest in an amount in excess of the jurisdictional limits of this Court, together with all costs expended herein.

Respectfully submitted this the 26th day of March, 2021.

_____
WILLIAM T. COOPER, MBN 9588
Attorney for Plaintiff

OF COUNSEL:

Crowell Gillis & Cooper, PLLC
PO Box 1827
Columbus, MS 39703
PHONE: (662) 243-7334
FAX: (662) 328-6890
wcooper@cgclawpllc.com